[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #112
Plaintiff, T M Building Co., Inc. sues to collect on a promissory note (note) executed between it and the defendants, Servulo Gonsalves (Gonsalves) and Donna Matchett.[1] The plaintiff alleges that on January 6, 2000, the parties executed a note whereby the defendants promised to pay the plaintiff $26,000 plus interest at a rate of 9.5 percent. Pursuant to the terms of the note, the defendants were to make monthly payments of $832.87, due and payable on the first day of each month, beginning in March, 2000, and continuing until February 1, 2003. The note also provides that if the defendants are in default on the note, they will pay 18 percent interest accruing from the date of default. Default has occurred. CT Page 8617
In his special defense, defendant Gonsalves alleges that because the note contains a default interest rate of 18 percent, it violates General Statutes § 37-4,[2] and under General Statutes § 37-8,[3] the plaintiff cannot bring an action to recover principal or interest on a note prohibited by § 37-4.
Defendant filed the present motion for summary judgment accompanied by an uncertified copy of the note and a memorandum. Plaintiff filed an objection to the motion for summary judgment and filed its own motion for summary judgment on Gonsalves' special defense.[4] Plaintiff provides the affidavit of Gregory Ugalde, its president; an uncertified copy of the note; and a memorandum of law.
A court should grant summary judgment "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000) "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law. . . ." (Brackets in original; internal quotation marks omitted.) Id. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id.
In the present case, the facts are an insufficient illumination of the nature of the deal struck. There is a transactional history which reveals this note to be the successor, upon renegotiation, to a "shared appreciation" mortgage between builder-plaintiff and buyer-defendant. The house was foreclosed upon with the proceeds inadequate to cover the builder. The document which contains this deal is not sufficiently edifying. Most particularly, one is hard pressed to understand the meaning and contemplation of the parties should there have been a default of the note. For example, the statute forbids a rate beyond twelve percent "per annum" and the agreement refers to eighteen percent accrued from default. Additionally, plaintiff did not sign the note it seeks to collect upon. It is thus difficult to determine whether this matter's genealogy has produced a lending. Finally, the parties have not addressed the significance of the fact that defendant seeks to negate a document containing likely ambiguity which document is self-authored.
"The court remains uncomfortable with the absence of clarity of factual CT Page 8618 development in the context of a summary judgment motion." Music People,Inc. v. Deutchman Lockom, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 98 064461 (May 11, 2001,Nadeau, J.).
The court denies summary judgment without prejudice to renewal should the parties feel secure that sufficient information is at hand for a much better informed judgment.
The Court
 By ___________________ Nadeau, J.